The ESTATE OF Robyn BUTLER, et al.

v.

LAMPLIGHTER APARTMENTS, et al.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 24, 2008 Session.

Aug. 20, 2008.

Lorraine Wade, Nashville, Tennessee, for the appellants, the Estates of Robyn Butler and LaChrisha Buford, Alice Butler and as executor and mother, and Britt Ross.

Gerald D. Neenan and Aubrey B. Harwell, III, Eugene W. Ward, and Kent W. Cochran, Nashville, Tennessee, for the appellee, Nashville Electric Service.

Gary A. Brewer and Benjamin J. Miller, Nashville, Tennessee, for the appellees, Lamplighter Apartments, Raskin, Inc., d/b/a Edwin B. Raskin Company, Edwin Raskin, Trustee.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court in which ANDY D. BENNETT, J., joined. PATRICIA J. COTTRELL, P.J., M.S., not participating.

This wrongful death and personal injury action arises from a fatal fire at an apartment complex. The defendants are Nashville Electric Service and the owner and operator of the apartment complex. A Complaint, filed on behalf of the plaintiffs, the estates of two deceased children, the decedents' mother, and her fiancé, was filed on the anniversary of the fire, and the Clerk of the Circuit Court immediately issued the summons to be served on each defendant and handed them to the plaintiffs' counsel as requested. Counsel for the plaintiffs, however, made a deliberate decision to prevent service of summons on any of the defendants for more than eleven months after the Complaint was filed. Thereafter, the defendants filed motions for summary judgment on multiple grounds including the defense that the claims were barred by the one-year statute of limitations. The trial court granted the defendants' motions for summary judgment. We affirm finding the claims are barred by the applicable statutes of limitations due to the fact that counsel for the plaintiffs intentionally caused the delay of prompt service of summons, which ren-

dered the initial filing of the Complaint ineffective.

This case arises out of a tragic fire that occurred at the Lamplighter Apartments on October 13, 2004. Two young children died. Their mother, Alice Butler, and her fiancé, Britt Ross, were also injured. On October 12, 2005, the Estate of the deceased children, the mother and her fiancé (Plaintiffs) filed a Complaint alleging negligence and wrongful death against Lamplighter Apartments; Lamplighter's owner, Edward Raskin, as Trustee; the related corporation, Raskin, Inc. (collectively "the Raskin defendants"); and the Nashville Electric Service ("NES").

When the Complaint was filed on October 12, 2005, Plaintiffs' counsel filed an unsigned cost bond with the court. Two days later—one day after the statute of limitations had run—Plaintiffs' counsel signed the cost bond. The original summonses were issued by the Clerk and given to the plaintiffs' counsel on October 14, 2005; however, no attempt was made to serve any of the defendants. The failure to serve either defendant was not the result of excusable neglect. Instead, Plaintiffs' counsel admitted that she made a conscious, voluntary decision to prevent service of process. Counsel explained that she withheld the summons because she hoped to settle the case. It was not until eleven months later that any of the defendants were served with a summons.

NES and the Raskin defendants filed motions for summary judgment. NES

contended it was immune from the suit because the plaintiffs failed to comply with the Governmental Tort Liability Act (GTLA)[1], and the claims were barred by the statute of limitations because the plaintiffs failed to timely file a cost bond. In a supplemental motion for summary judgment, NES also contended the plaintiffs could not rely on the initial filing of the Complaint to toll the statute of limitations because their counsel intentionally delayed prompt service of the summons. The Raskin defendants contended that the claims were barred by the statute of limitations because the plaintiffs failed to timely serve the summons.

Following a hearing on the motions, the trial court granted the defendants' respective motions for summary judgment on three specific grounds: (1) the plaintiffs intentionally caused delay in issuing and serving summonses in violation of Tenn. R. Civ. P. 4.01(3), and thus the claims were barred by the statute of limitations; and (2) the plaintiffs failed to file a cost bond at the time of filing the Complaint. As for NES, the trial court also found that the plaintiffs failed to allege any cause of action against NES under the GTLA. Accordingly, the trial court summarily dismissed all claims against all defendants, and this appeal followed.[2]

## STANDARD OF REVIEW

██ The issues were resolved in the trial court upon summary judgment. Sum-

1. The complaint made *no* mention of the GTLA, and the plaintiffs never amended the Complaint.

2. The plaintiffs present numerous issues including whether the filing of the Complaint was ineffective to toll the statute of limitations; whether the failure to timely sign a cost bond serves to bar an action under the GTLA; whether the discovery rule tolls the running of the statute of limitations; whether

notice is a legal substitute for service of process; whether the trial court properly dismissed the action against NES because the plaintiffs failed to state a claim under the GTLA in their complaint; and whether this court should *now* allow the plaintiffs to amend the complaint to add claims under the GTLA without violating the statute of limitations.

mary judgments do not enjoy a presumption of correctness on appeal, *BellSouth Adver. & Publ'g Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn.2003), and on appeal, we must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown,* 955 S.W.2d 49, 50–51 (Tenn.1997).

### ANALYSIS

■■■ We will first determine whether the plaintiffs' claims are barred by the statute of limitations. Whether a claim is barred by an applicable statute of limitations is a question of law. *Brown v. Erachem Comilog, Inc.,* 231 S.W.3d 918, 921 (Tenn.2007) (citing *Owens v. Truckstops of Am.,* 915 S.W.2d 420, 424 (Tenn.1996)). We review questions of law *de novo* without a presumption of correctness. *Id.* (citing *Perrin v. Gaylord Entm't Co.,* 120 S.W.3d 823, 826 (Tenn.2003)).

■■■ Tennessee Rule of Civil Procedure 4.01 reads as follows:

(1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. Nothing in this rule shall affect existing laws with respect to venue.

(2) A summons and complaint may be served by any person who is not a party and is not less than 18 years of age. The process server must be identified by name and address on the return.

(3) *If a plaintiff or counsel for plaintiff(including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective.*

Tenn. R. Civ. P. 4.01 (emphasis added).[3]

The statute of limitations for claims of personal injuries against the Raskin defendants is one year. *See* Tenn.Code Ann. § 28–3–104(a). The statute of limitations for claims against NES pursuant to the Governmental Tort Liability Act is also one year. *See* Tenn.Code Ann. § 29–20–305(b). The plaintiffs' claims accrued on October 13, 2004, the day of the fire at the Lamplighter Apartments. Accordingly, unless the plaintiffs *effectively* filed their complaint on or before October 13, 2005, the claims are time barred.

The plaintiffs filed a Complaint and obtained issuance of summons for service on each defendant prior to October 14, 2005. The filing of the initial Complaint, however, was not effective because counsel for Plaintiffs *intentionally* caused the delay of prompt service of a summons. *See* Tenn. R. Civ. P. 4.01(3). The plaintiffs did not effectively file a complaint until after the statute of limitations had expired. Accordingly, all of the plaintiffs' claims are time barred.

Our determination that the plaintiffs' claims are barred by the applicable statutes of limitations, Tenn.Code Ann. § 28–3–104(a) and Tenn.Code Ann. § 29–20–

---

**3.** Subsection (3), the part of the rule at issue, was adopted by the Tennessee Supreme Court on December 10, 2003, and became effective July 1, 2004. The cause of action accrued on October 13, 2004, and the Complaint was filed on October 12, 2005. Accordingly, subsection (3) is applicable to the matter at issue.

305(b), renders all other issues moot. Accordingly, they will not be discussed.

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiffs and their surety.

PATRICIA J. COTTRELL, P.J., M.S., not participating.