# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 21, 2010 Session

## LEWIS FRYER v. CONSERVATORSHIP OF MARY JO FRYER, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 06-0695     W. Frank Brown, III, Chancellor**

_____

**No. E2009-01009-COA-R3-CV - Filed October 5, 2010**

_____

This appeal involves a dispute regarding unpaid spousal support from Social Security benefits. Mr. Fryer filed a petition against numerous defendants, seeking spousal support owed to him from his deceased wife's Social Security benefits. Serving in the capacity of conservator, the decedent's daughter received her mother's monthly Social Security benefits. After a bench trial, the court determined that the conservator was liable to Mr. Fryer for the unpaid spousal support and entered a judgment against the conservator and Travelers Casualty and Surety Bond. Additionally, the trial court, sua sponte, applied the statute of limitations to reduce the amount of the award to Mr. Fryer. This appeal ensued. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part/Reversed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

John M. Higgason, Jr., Chattanooga, Tennessee, for the appellants, Treva Schlosshan and Travelers Casualty and Surety Bond.

Robert T. Davis, Chattanooga, Tennessee, for the appellee, Lewis Fryer.

## OPINION

## I. FACTUAL BACKGROUND

Lewis Fryer ("Husband") married Mary Jo Fryer ("Decedent") in late 1997. This was not the first marriage for either party, and Decedent had two adult daughters. Sometime after the marriage, Decedent's daughters, Treva Schlosshan and Linda Brown, filed a petition to

appoint a conservator for their mother. A hearing regarding the conservatorship case was held, and an order was filed appointing Ms. Schlosshan as the conservator and setting the conservator's bond for $20,000. Despite having notice of the conservatorship proceeding, Husband failed to attend.

In October 2001, Decedent moved into a nursing home. Due to Decedent's lack of assets, she was eligible for Medicaid. Because of Husband's and Decedent's low incomes, Husband was entitled to receive spousal support through a spousal allocation from Decedent's Social Security benefits. Ms. Schlosshan ("Conservator") received Decedent's monthly Social Security check, from which she paid the nursing home bill for Decedent and placed the remaining balance of the check into the conservatorship account. She did not pay the portion of spousal support owed to Husband and claimed that she was unaware of his right to the spousal support from Decedent's Social Security benefits.

Decedent passed away on October 6, 2005. Using the funds in the conservatorship account, Conservator paid for Decedent's funeral expenses. Shortly thereafter, Conservator filed a final accounting of the conservatorship account. After the filing of the Final Master's Report, Conservator requested Decedent's remaining assets as a conservator's fee. The court set a deadline of March 10, 2006, for any objections to Conservator's request for the remaining assets as her fee. Husband filed an objection, claiming that he was owed the unpaid spousal support. Eventually, Husband's objection and Conservator's request were denied.

Husband also later filed a separate petition against the conservatorship of Decedent, Conservator, Travelers Casualty & Surety Company ("Travelers"), Jimmy Key, as sole heir of Decedent's daughter, Ms. Brown, and the Tennessee Department of Human Services ("TDHS"). Husband sought his share of the unpaid spousal support from the conservatorship account. Upon respective motions to dismiss, the trial court dismissed Jimmy Key because Ms. Brown never served as the conservator. The trial court also dismissed TDHS because statutory immunity barred Husband's suit against the governmental entity. Conservator and Travelers also filed motions to dismiss, or in the alternative, motions for a more definitive statement. Husband subsequently filed two amended petitions.

A bench trial finally occurred on February 25, 2009. At trial, Gwedolyn Fayne of the TDHS testified that Husband was entitled to receive spousal support from Decedent's Social Security benefits. Ms. Fayne was Decedent's case manager, and she explained that Medicaid permits a spousal allocation, which is the remaining money from the Social Security benefits after deducting money for Decedent's personal needs and nursing home bill. The spousal support is based on the non-nursing home or "community" spouse's need for the combined incomes of both spouses in order to pay the bills related to the marital home. Ms. Fayne

further testified that until Husband began living in a nursing home, he was eligible for spousal support from October 2001 through November 2004. The amount owed to Husband, after deducting for Decedent's needs, ranged from $600 to $651 per month. Ms. Fayne stated that the amount of spousal support owed to Husband totaled $23,900.

Husband and Conservator also testified at trial. Conservator testified that she did not know of Husband's right to the spousal support. However, her testimony was contradicted by Ms. Fayne. Ms. Fayne testified that she met with Conservator and that it is TDHS' policy to explain to the representative payee how much of the monthly Social Security check to pay to the community spouse and the nursing home. Husband's testimony revealed that the marriage was not embraced by Decedent's family and that there was open hostility toward him.

The trial court found that Conservator did have knowledge of the spousal support owed to Husband. The trial court noted:

[Conservator] paid the $337.00 to the nursing home from the Social Security benefits her mother received. The remainder of the Social Security funds were kept in the conservatorship account. [Conservator] said in her conservatorship filing that she, as the conservator, was able to keep more money (than $30.00) because her mother was married. Usually, when a person is on Medicaid, the normal course was for the entire Social Security check, except for $30.00, to be paid to the nursing home. Medicaid pays the rest. [Conservator] testified that her mother's nursing home bill increased when Mr. Fryer went into the nursing home. These factors indicate a knowledge of the relationship between Mr. Fryer, Ms. Fryer's Social Security benefits, and the nursing home bill.

The trial court further determined that the gravamen of Husband's claim was conversion or misuse of another's funds and that Tenn. Code Ann. § 28-3-105 governed the claim. Applying the three-year statute of limitations found at Tenn. Code Ann. § 28-3-105[1], the trial court held that Husband was only entitled to 20 months of the unpaid spousal

---

[1]Tenn. Code Ann. § 28-3-105 (2000) provides:

The following actions shall be commenced within three (3) years from the accruing of the cause of action:
(1) Actions for injuries to personal or real property;
(2) Actions for the detention or conversion of personal property; and
(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

support. The trial court stated that Husband's claim would "reach back" three years from the date he filed the objection in March 2006. Thus, the trial court only awarded $12,844 for the unpaid months of April 2003 through November 2004.

Conservator and Travelers filed this appeal thereafter.[2] After filing a notice of appeal, Conservator filed a Statement of the Evidence pursuant to Tenn. R. App. P. 24. In response, Husband filed an objection to Conservator's Statement of the Evidence. The trial court ruled that it "stands by the 'facts' stated in its Memorandum Opinion." Under Tenn. R. App. P. 24(e), when confronted with whether the record accurately depicts the proceedings, the trial court's determination is conclusive.[3] Therefore, the only facts that this court will consider are those appearing in the trial court's Memorandum Opinion.

## II. ISSUES

Conservator raises several issues on appeal, which we consolidate and restate:

1. Whether the trial court erred in awarding the unpaid spousal support to Husband when he failed to pay for Decedent's necessaries and funeral expenses.

Husband also raises several issues on appeal, which we restate:

1. Whether the trial court abused its discretion in applying the statute of limitations as an affirmative defense to limit the award of unpaid spousal support.

2. Whether Conservator's withholding of the spousal support tolled the statute of limitations.

---

[2]Conservator and Travelers maintain a unified position on appeal; as a result, we will only refer to Conservator when discussing the arguments raised by both parties.

[3]"Correction or Modification of the Record. If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted." *See* Tenn. R. App. P. 24(e).

3.  Whether the doctrine of unclean hands bars Conservator's retention of the unpaid the spousal support.

## III.  STANDARD OF REVIEW

This case was adjudicated without a jury.  Therefore, we review the decision de novo upon the record of the proceedings with a presumption of correctness as to the findings of fact of the trial court.  *See* Tenn. R. App. P. 13(d); *Boarman v. Jaynes*, 109 S.W.3d 286, 289-90 (Tenn. 2003).  This court imputes no presumption of correctness on the trial court's conclusions of law.  *Rutherford County v. Wilson*, 121 S.W.3d 591, 595 (Tenn. 2003); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).  The judgment of the trial court should be affirmed, absent errors of law, unless the preponderance of the evidence is against those findings.  *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  In cases where the trial court's factual findings depend on a determination of witness credibility, we will not reevaluate that assessment in the absence of clear and convincing evidence to the contrary.  *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *Newman v. Woodard*, 288 S.W.3d 862, 865 (Tenn. Ct. App. 2008).

In the absence of a proper record, this court is limited to "addressing those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the facts as stated by the judge himself in his [order]." *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *3 (Tenn. Ct. App. E.S., Oct. 30, 2007).  We may only reverse the trial court's decision if we find, based on the technical record before us, that the trial court committed an error of law. *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S., June 3, 2008).

## IV.  DISCUSSION

Conservator challenges the trial court's award of $12,944 to Husband for unpaid Social Security benefits.  Conservator states that a husband has a duty to pay for a wife's necessaries including funeral expenses, and in this case, Husband's failure of this duty bars or at the very least limits his right to recovery.  In sum, Conservator contends that Husband acted with unclean hands in failing to pay for Wife's necessaries and urges this court to bar Husband's recovery of the unpaid Social Security benefits.

Generally, under the common law necessaries doctrine, a husband has a duty to provide for his wife's necessary expenses.  *See Simpson v. Drake*, 262 S.W. 41, 41 (Tenn. 1923); *State v. Dixon*, 196 S.W. 486, 486 (Tenn. 1917).  The Tennessee Supreme Court later expanded the common law necessaries doctrine to impose mutual support obligations on both

husbands and wives. *See Kilbourne v. Hanzelik*, 648 S.W.2d 932, 934 (Tenn. 1983); *Estate of Francis v. Francis*, No. M2000-01110-COA-R3-CV, 2001 WL 673699, at *6 (Tenn. Ct. App. M.S., June 18, 2001). Therefore, this State recognizes that a "surviving spouse is responsible for providing for the necessaries of his or her deceased spouse, including funeral expenses, if they are not paid by the deceased spouse's estate." *Estate of Francis*, 2001 WL 673699, at *6. However, determining whether a husband is responsible for his wife's funeral expenses is a fact-specific inquiry. *Id.* at *5.

The crux of Conservator's argument is that Husband owes a reimbursement for the Decedent's funeral expenses and that amount should set-off the trial court's award of Social Security benefits to Husband. The court considers several factors when deciding who holds the responsibility for a decedent's funeral expenses.[4] Due to the limited record before us, there is not enough information to delve into such a fact-specific inquiry. The record is completely devoid of any information regarding the cost of Decedent's funeral, the reasonableness of the funeral's costs, Conservator's expectation that there would be a reimbursement, and the status of the Fryers' marriage when Decedent died.

Next, Conservator claims that Husband acted with unclean hands by failing to provide for Decendent's necessaries and asserts that the award of Social Security benefits to Husband results in an inequitable windfall. We reject such a contention for two reasons. First, Conservator's withholding of the spousal support owed to Husband jeopardizes her reliance on the unclean hands doctrine. The unclean hands doctrine derives from the equitable maxim: "[H]e who comes into Equity must come with clean hands." *Heylandt Sales Co. v. Welding Gas Prods. Co.*, 175 S.W.2d 557, 561 (Tenn. 1943) (quoting Gibson's Suits in Chancery, § 42 (4th ed.)). The rationale for the doctrine is:

> [A] complainant, who has been guilty of unconscientious conduct or bad faith, or has committed any wrong, in reference to a particular transaction, cannot have the aid of a Court of Equity in enforcing any alleged rights growing out of such transaction.

*Hogue v. Kroger Co.*, 373 S.W.2d 714, 716 (Tenn. 1963) (quoting Henry R. Gibson, Gibson's Suits in Chancery, § 51 (Arthur Crownover, Jr., ed. 5th ed. 1955)). The operation

---

[4]This court outlined the following factors when determining who holds the responsibility for paying a decedent's funeral expenses: (a) the decedent's marital status at the time of his or her death, (b) whether the decedent died testate or intestate, (c) the provisions in the decedent's will for the payment of funeral expenses if the decedent died testate, (d) the solvency of the decedent's estate, (e) whether the funeral expenses were pre-paid or covered by insurance, (f) the reasonableness of the funeral expenses in light of the decedent's station in life, and (g) the authority of the person actually procuring the funeral services to bind the decedent's estate. *Estate of Francis*, 2001 WL 673699, at *5.

of the maxim is confined to misconduct connected with the subject matter of the litigation. *Greer v. Shelby Mut. Ins. Co.*, 659 S.W.2d 627, 630 (Tenn. Ct. App. 1983) (citing Henry R. Gibson, Gibson's Suits in Chancery, § 18 (William H. Inman, ed., 6th ed. 1982)). Here, the trial court found that Conservator knew of the spousal support owed to Husband from Decedent's Social Security benefits. Nonetheless, after paying for Decedent's expenses from the Social Security funds, she placed the remaining money into the conservatorship account. Conservator's own misconduct precludes her from now invoking the unclean hands doctrine as justification for the remedy she seeks. Conservator did not act with clean hands when she withheld the spousal support owed to Husband; therefore, the unclean hands doctrine will not provide a basis for her claim to a reimbursement.

Second, Conservator's claim that the trial court's award results in an inequitable windfall for Husband is without merit. Conservator argues that she fulfilled her duties as a conservator by paying for all of Decedent's obligations and necessaries from the Social Security benefits. Conservator asserts that Husband paid nothing for Decedent's expenses and to award him the portion of the spousal support results in rewarding Husband for his failure to fulfill his duty to provide for his spouse's necessaries. We cannot accept such an argument because Conservator's argument fails to account for the fact that part of her obligation as the conservator included paying the spousal support to Husband. To argue that Husband failed to act with clean hands while seemingly ignoring that the unpaid spousal support remained in the conservatorship account is a tenuous position. The unpaid spousal support was the money that Conservator used to pay for Decedent's necessaries. Thus, as a result of Conservator leaving the unpaid spousal support in the conservatorship account and using that same money to pay for Decedent's necessaries including the funeral expenses, Husband inadvertently contributed to Decedent's necessaries.

Conservator seeks a set-off amount of Husband's spousal support award, but she fails to point to any facts in the record to justify such a reduction. There is nothing in the record providing a basis to reassess the trial court's award. As stated above, to determine whether a reimbursement is owed to Conservator for Decedent's funeral expenses, which would set-off the award of spousal support to Husband, is a fact-specific inquiry. This court presumes that the evidence presented at trial supports a trial court's factual conclusions when no transcript or statement of the evidence appears in the appellate record. *Fayne v. Vincent*, 301 S.W.3d 162, 169-70 (Tenn. 2009) (citations omitted). The appellant assumes the burden to provide the court with transcripts of the evidence or a statement of the evidence so that this court can determine if the evidence preponderates against the trial court's findings. *In re M.L.D.*, 182 S.W.3d 890, 894-95 (Tenn. Ct. App. 2005) (citing *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)); Tenn. R. App. P. 24(c). Where a record contains the pleadings, orders, and trial exhibits, the factual assertions in those documents "are not evidence." *Gross*, 2007 WL 3171155, at *3 (quoting *State v. Draper*, 800 S.W.2d 489, 493

(Tenn. Crim. App. 1990)). As such, there is no evidence in the record before us, aside from the pleadings and trial exhibits, to overcome the presumption that the trial court's determinations are correct.

At trial, it was Conservator's burden to establish her entitlement to a reimbursement. *Estate of Francis*, 2001 WL 673699, at *6. There is no information in the record concerning the costs of the funeral or an estimate of what a reimbursement should be. Thus, we do not have the necessary facts to make such a determination if we were inclined to do so. We conclude that the doctrine of unclean hands does not bar or limit the trial court's award of spousal support to Husband. Accordingly, we affirm the trial court's determination that Conservator is liable for her failure to pay the spousal support to Husband.

We now address the issues raised by Husband on this appeal. Husband contends that he is entitled to the full amount of the unpaid spousal support totaling $23,900. Specifically, Husband argues that Conservator did not raise the statute of limitations as a defense in the pleadings or at trial, and as a result, the statute of limitations cannot be used to bar or limit his recovery.

Whether the statute of limitations bars a particular claim is a question of law. *Estate of Butler v. Lamplighter Apartments*, 278 S.W.3d 321, 324 (Tenn. Ct. App. 2008) (citations omitted). We review questions of law de novo without a presumption of correctness. *Id.* The statute of limitations is an affirmative defense that may bar or limit a plaintiff's recovery. "Affirmative defenses, including the statute of limitations, must be plead in response to a preceding pleading." *Poss v. Turner*, No. M2005-01008-COA-R3-CV, 2007 WL 187811, at *4 (Tenn. Ct. App. M.S., Jan. 24, 2007); Tenn. R. Civ. P. 8.03.[5] The rationale for specific pleading requirement is to "prevent a party from raising a defense at the last possible moment and thereby prejudicing the opposing party's opportunity to rebut the defense." *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995); *see also George v. Alexander Auto., LLC*, No. M2006-02655-COA-R3-CV, 2007 WL 2726373, at *1 (Tenn. Ct. App. W.S., Sept. 19,

---

[5]"In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, waiver, workers' compensation immunity, and any other matter constituting an affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation." Tenn. R. Civ. P. 8.03.

2007).[6]

In this case, the statute of limitations was never raised as an affirmative defense in a pleading or by motion at trial. The statute of limitations was not mentioned until the trial court's final memorandum opinion. In the trial court's order concerning the statement of the evidence pursuant to Tenn. R. App. P. 24(e), the court stated:

> The court, on its own, thought the statute of limitations was applicable to the case. The parties were focused solely on "she knew" versus "I did not know" about Mr. Fryer's legal right to spousal support.

By the trial court's own admission, Husband had no notice of the statute of limitations as a potential issue. In Conservator's motion to dismiss Husband's Amended Petition, the statute of limitations is not addressed as a basis to dismiss the claim. Husband never had the opportunity to rebut the statute of limitations as a defense to his recovery of the spousal support. Because the statute of limitations was raised so late in this case, we find that it resulted in prejudice to Husband. The trial court erred in applying the statute of limitations, sua sponte, to reduce the amount of spousal support owed to Husband. Accordingly, we reverse and hold that Husband is entitled to the full amount of unpaid spousal support totaling $23,900.

Our holding pretermits any further discussion of the remaining issues raised by Husband.

### V. CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the judgment of the trial court. We affirm the trial court's determination that Conservator is liable to Husband for the unpaid spousal support. Nevertheless, we reverse the trial court's reduction of the award to Husband based on the statute of limitations and grant a judgment to Husband for the total amount of$23,900.00 against the Conservator, Treva Schlosshan and Travelers Casualty and Surety Bond. Costs of this appeal are taxed to the appellants, Treva Schlosshan and Travelers Casualty and Surety Bond. This cause is remanded for the enforcement of the

---

[6]In *George v. Alexander Auto., LLC*, this court observed: "Unlike *Poss v. Turner*, No. M2005-01008-COA-R3-CV, 2007 WL 187811 (Tenn.Ct.App. Jan.24, 2007) ( no perm. app. filed ), for example, where we affirmed the trial court's refusal to dismiss the matter based on the statute of limitations where the defense had not been raised in the written pleadings or written responses but was first asserted in an oral motion made by counsel at trial, the late assertion of the defense in this case resulted in neither surprise nor prejudice to [plaintiff]." *See* 2007 WL 2726373, at *1.

judgment, collection of costs and further proceedings consistent with this Opinion.

_____
JOHN W. McCLARTY, JUDGE