# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 21, 2008 Session

## DORIS JONES and BILLY JONES v. LISA JUNE COX

### Direct Appeal from the Circuit Court for Madison County
### No. C-06-390 (Div. III)     Jerry Scott, Senior Judge

---

### No. W2008-00729-COA-R9-CV - Filed November 25, 2008

---

This is a Tenn. R. App. P. 9 appeal from the trial court's denial of Appellant/Defendant's motion to dismiss the Appellees/Plaintiffs' complaint for legal malpractice. Appellant, a licensed attorney, represented the Appellees in a lawsuit following an automobile accident. Appellant failed to effect service of process on the party-defendant to that suit. Appellees retained other counsel and filed a legal malpractice lawsuit against Appellant. Appellees' new counsel made a strategic decision to withhold service of process on Appellant pending the outcome of the underlying case. Appellant filed a motion to dismiss pursuant to Tenn. R. Civ. P. 4.01(3) for intentional delay of service of process. The trial court denied the motion to dismiss, and this appeal followed. We reverse and remand.

### Tenn. R. App. P. 3; Appeal as of Right: Judgment of the Circuit Court Reversed and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M., KIRBY, J., joined.

Winston S. Evans, Nashville, TN, for Appellant
Jeffrey J. Switzer, Nashville, TN, for Appellant

William B. Ryan, Memphis, TN, for Appellee

### OPINION

On August 27, 2003, Doris Jones was involved in a car accident in Jackson, Tennessee. On that date, Ms. Jones' vehicle was struck from the rear by a vehicle driven by Susannah P. Johnson. As a result of the accident, Ms. Jones suffered an injury to her neck.

Following the accident, Ms. Jones and her husband, Billy J. Jones (together "Appellees"), retained Appellant Lisa June Cox to provide legal representation in their lawsuit against Ms.

Johnson. On August 23, 2004, Ms. Cox filed a complaint against Ms. Johnson in the Circuit Court at Madison County on behalf of the Joneses. On the same day, Ms. Cox prepared and caused a summons to be issued and served on Ms. Johnson at a Jackson, Tennessee address. The summons was returned "unserved" on August 26, 2004. The deputy sheriff who attempted to serve Ms. Johnson made the following notation on the summons: "Not found, moved out approximately three months ago to Powder Springs, GA."

On or about December 1, 2005, the Joneses met with Ms. Cox. At that meeting, Ms. Cox first informed the Joneses that their case against Ms. Johnson might be in trouble due to the failure to effect service of process on Ms. Johnson. On February 13, 2006, Ms. Cox sent a letter to the Joneses, informing them, among other things, that process had not been served on Ms. Johnson, and that Ms. Cox had not obtained an address for Ms. Johnson. In her letter, Ms. Cox opines: "I believe that the time limit has passed for us to find [Ms. Johnson] and service to be reissued." Ms. Cox informs the Joneses that, if she is unsuccessful in locating and serving Ms. Johnson, then "you [the Joneses] may want to see another lawyer...or contact my insurance carrier directly." Upon receipt of the letter, the Joneses dismissed Ms. Cox as their attorney, and retained William Ryan as their counsel. Mr. Ryan was able to locate and serve Ms. Johnson on March 2, 2006. In response, Ms. Johnson (and her insurance carrier) filed a motion to dismiss the Jones' complaint and/or for summary judgment. As grounds, Ms. Johnson averred that the complaint and summons were not served within the time allowed under Tennessee law; consequently, Ms. Johnson argued that the applicable statute of limitations had expired, resulting in a bar to the Jones' lawsuit against her. On August 8, 2006, the circuit court granted Ms. Johnson's motion, thereby dismissing the Jones' complaint against Ms. Johnson.

On November 20, 2006, the Joneses, through their new attorney, filed a complaint for legal malpractice against Ms. Cox, alleging that she had failed to exercise due diligence in attempting to effect service of process on Ms. Johnson. Although a summons was issued on that same day, the Jones' attorney did not attempt service. Some nine months later, on August 28, 2007, a second summons was issued and service on Ms. Cox was attempted. Service was made on September 7, 2007.

On October 11, 2007, Ms. Cox filed a motion to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02(5) and (6).[1] On January 8, 2006, the Joneses filed a response to Ms. Cox's motion to dismiss. The Affidavit of their attorney, Mr. Ryan, was filed as an exhibit to the response. Therein, Mr. Ryan does not deny delaying service of process in the Jones' case against Ms. Cox; his reasons, as set out in the affidavit, are as follows:

---

[1] Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: ..., (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted....

3.  After I became involved in the [Jones'] case against Ms. Johnson, I put Ms. Cox's insurance carrier on notice of a potential legal malpractice claim against Ms. Cox.  During the [Jones'] lawsuit against Ms. Johnson, I worked with Winston Evans, who was an attorney hired by Lisa June Cox's insurance carrier....

***

5.  After the [Jones'] lawsuit against Ms. Johnson was dismissed...and while the case was on appeal, I had numerous discussions in the late summer/early fall of 2006 with Winston Evans concerning resolution/settlement of the [Jones'] legal malpractice claim against Lisa June Cox.... [S]ettlement discussions did not prove to be fruitful.

6.  On October 9, 2006, I advised Mr. Evans that I was going to proceed forward and file a lawsuit...against Ms. Cox....

***

8.  Thereafter, the parties discussed entering into a tolling agreement to avoid the [Joneses] having to unnecessarily file suit against Ms. Cox while the [Jones'] case against Ms. Johnson was still pending. But the parties were not able to agree....

9.  On November 20, 2006, while their case against Ms. Johnson was still on appeal, the [Joneses] filed a lawsuit against Lisa June Cox alleging legal malpractice....  A Summons was issued for service on Lisa June Cox on that same date.

10.  At the time that the [Jones'] lawsuit was filed against Ms. Cox, I believed that the [Joneses] had ninety (90) days under Tenn. R. Civ. P. 3 to serve Ms. Cox with a copy of the Complaint and Summons. I believed, per the terms of Tenn. R. Civ. P. 3, that if service was not made on Ms. Cox within the initial ninety (90) day period the summons could be re-issued on Ms. Cox at any time within one (1) year and the statute of limitations would be tolled.  Moreover, I believed that if service was consummated on Ms. Cox that she would file a motion to stay the proceedings until the [Jones'] case against Ms. Johnson was resolved....

11.  Oral argument in the [Jones'] case against Ms. Johnson was held on April 18, 2007.

-3-

12. On April 20, 2007, I called Winston Evans.... During this call, I notified Mr. Evans that the [Joneses] had filed a lawsuit against [Lisa June Cox] alleging legal malpractice....

13. Believing that I had until at least November 20, 2007 to get the Summons re-issued, I waited to serve Lisa June Cox with process until after the Tennessee Court of Appeals rendered its decision. Had the Tennessee Court of Appeals not rendered its decision by the end of October of 2007, I would have proceeded to serve Ms. Cox with the lawsuit.

14. As it happened, the Tennessee Court of Appeals issued its decision on July 16, 2007....

15. After the Tennessee Court of Appeals decision I contacted Mr. Evans to discuss the...case against Ms. Cox. On August 6, 2007, I sent a waiver of service form...to Mr. Evans.... Mr. Evans contacted me on August 19, 2007 and advised that he could not execute the waiver.... On August 20, 2007, Mr. Evans contacted me and advised that he had authority from Ms. Cox to accept service....

16. Thereafter, I caused another Summons to be issued and served on Lisa June Cox. The Summons was issued on August 28, 2007 and service was made on Ms. Cox...on September 7, 2007.

17. I did not intentionally delay service of the complaint on Ms. Cox to achieve any tactical advantage or benefit. Service on Ms. Cox was solely withheld in order to see whether the case against Ms. Johnson would be salvaged. If the case against Ms. Johnson were salvaged there would be no need to proceed against Ms. Cox. Once the Tennessee Court of Appeals affirmed the trial court's decision dismissing the case, and the only avenue left was a permissive appeal to the Tennessee Supreme Court, Ms. Cox was served with the lawsuit.

Ms. Cox's motion to dismiss was denied by the trial court's Order of February 4, 2008. On February 28, 2008, Ms. Cox filed a motion seeking permission to appeal the trial court's decision to this Court pursuant to Tenn. R. App. P. 9.[2] On March 28, 2008, the trial court entered an order

---

[2] **Rule 9. Interlocutory Appeal by Permission from the Trial Court.** —(a) Application for Permission to Appeal; Grounds. —Except as provided in Rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court. In determining whether to grant permission to

(continued...)

-4-

granting Ms. Cox permission to seek a Tenn. R. App. P. 9 appeal. By Order of May 5, 2008, this Court granted Ms. Cox's Tenn. R. App. 9 application for interlocutory appeal. Ms. Cox raises one issue for review:

> Does an intentional nine and one-half month delay in service of a Summons after filing of a Complaint render the filing of the Complaint "ineffective" pursuant to T.R.C.P. 4.01(3)?

This issue involves a question of law. As such, we review the trial court's decision *de novo* upon the record with no presumption of correctness. Tenn. R. App. P. 13(d). As this Court recently discussed in *Watson v. Garza*, No. W2007-02480-COA-R3-CV, 2008 WL 4831300 (Tenn. Ct. App. Nov. 7, 2008):

> Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules.
> "The Tennessee Rules of Civil Procedure govern the service of process, and the Supreme Court has held that the Rules of Civil Procedure are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by the Court and adopted by the General Assembly." "Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure."

*Id*. at *2 (internal citations omitted).

Tenn. R. Civ. P. 4.01 reads, in relevant part, as follows:

---

[2](...continued)
appeal, the following, while neither controlling nor fully measuring the courts' discretion, indicate the character of the reasons that will be considered: (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment. Failure to seek or obtain interlocutory review shall not limit the scope of review upon an appeal as of right from entry of the final judgment.

**4.01. Summons; Issuance; By Whom Served** — (1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service....

***

(3) If a plaintiff or counsel for plaintiff (including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective.

Subsection (3) of the Tenn. R. Civ. P. 4.01 was adopted by our Supreme Court on December 10, 2003, and became effective July 1, 2004. It is undisputed that the Jones' cause of action against Ms. Cox accrued on December 1, 2005, when Ms. Cox informed the Joneses that their case against Ms. Johnson might be fatally flawed due to lack of service of process. The applicable statute of limitations for legal malpractice claims is one-year from the accrual thereof. Tenn. Code Ann. §28-3-104(a)(2). A legal malpractice action accrues at the time the plaintiff knows, or should (in the exercise of reasonable diligence) know that an injury has occurred. ***See, e.g., John Kohl & Co., P.C. v. Dearborn & Ewing***, 977 S.W.2d 528, 532 (Tenn. 1998). The Joneses filed their complaint for legal malpractice against Ms. Cox on November 20, 2006, which was within the applicable statute of limitations. A summons was issued on that same day, but, as stated in Mr. Ryan's affidavit, he withheld service of process on Ms. Cox, pending the outcome of the Jones' case against Ms. Johnson. Another summons was issued nine months later on August 28, 2007, with service being made on Ms. Cox on September 7, 2007. The issue before us is whether this delay of service of process rendered the filing of the complaint ineffective, thus resulting in the expiration of the one year statute of limitations.

This Court recently addressed the applicability of Tenn. R. Civ. P. 4.01(3) in ***The Estate of Robyn Butler, et al. v. Lamplighter Apartments, et al.***, No. M2007-02508-COA-R3-CV, 2008 WL 3875421 (Tenn. Ct. App. Aug. 20, 2008), wherein we held that:

The plaintiffs filed a Complaint and obtained issuance of summons for service on each defendant prior to October 14, 2005. The filing of the initial Complaint, however, was not effective because counsel for Plaintiffs intentionally caused the delay of prompt service of a summons. See Tenn. R. Civ. P. 4.01(3). The plaintiffs did not effectively file a complaint until after the statute of limitations had expired. Accordingly, all of the plaintiffs' claims are time barred.

*Id.* at *2.

Likewise, the Jones' attorney admits in his affidavit that he did not attempt service of process on Ms. Cox because he was awaiting the outcome of the appeal in the underlying case. Although we concede that Mr. Ryan's strategy was logical given the fact that, had the dismissal of the Jones' case against Ms. Johnson been reversed, a malpractice suit against Ms. Cox would not be necessary, the rules simply do not allow attorneys to participate in this sort of waiting game. Under Tenn. R. Civ. P. 4.01(3) it is the intent to withhold service of process that is the test. From the facts in the record, and in light of Mr. Ryan's own sworn statements, it is clear that he intentionally withheld service of process in this case, albeit for a very reasonable purpose. As we determined in **Butler**, *supra*, an intentional delay under Tenn. R. Civ. P. 4.01(3) mandates a conclusion that the original complaint was not effectively filed. Regardless of the savings exceptions set out in Tenn. R. Civ. P. 3.[3] (upon which the Joneses rely), the intent to withhold service of process makes the filing of the complaint on November 20, 2006 ineffective. Although a second summons was issued within a year of the initial summons, this did not toll the applicable statute of limitations.

For the foregoing reasons, we reverse the order of the trial court, and remand for entry of an order granting Ms. Cox's motion to dismiss. Costs of this appeal are assessed against the Appellees, Doris and Billy J. Jones, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.

---

[3] Tenn. R. Civ. P. 3 provides: "All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint."