# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### February 24, 2010 Session

## STEPHANIE JONES and HOWARD JONES

**v.**

## RENGA I. VASU, M.D., THE NEUROLOGY CLINIC, and METHODIST LEBONHEUR HOSPITAL

**Appeal from the Circuit Court for Shelby County**
**No. CT-004911-07      Kay S. Robilio, Judge**

_____

**No. W2009-01873-COA-R10-CV - Filed April 22, 2010**

_____

This appeal involves delay of service of process. The plaintiffs filed a complaint against the defendants, alleging medical malpractice by the defendants almost a year earlier. The plaintiffs delayed service on the defendants until they had an expert witness review their claim. Summonses were issued to the defendants over eleven months after the complaint was filed. The defendants filed a motion to dismiss or for summary judgment, alleging insufficiency of service of process, and asserting that the plaintiffs' claims were barred by the one-year statute of limitations. The trial court denied the defendants' motion. The defendants appeal. We reverse and remand for entry of an order dismissing the complaint, finding that the delay of prompt service of process rendered the filing of the complaint ineffective to commence the action and stop the running of the statute of limitations.

**Tenn. R. App. P. 10; Extraordinary Appeal by Permission; Judgment of the Circuit Court Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Emily Turner Landry and Quinn N. Carlson, Memphis, Tennessee, for Defendant/Appellant, Methodist Healthcare-Memphis Hospitals

Jerry E. Mitchell and Justin E. Mitchell, Memphis, Tennessee, for Defendant/Appellants, Renga I. Vasu, M.D., and The Neurology Clinic

Bryant D. Guy, Jackson, Mississippi, and Regina Guy and Joanie Perkins Potter, Memphis, Tennessee, for Plaintiff/Appellees, Stephanie Jones and Howard Jones

# OPINION

## FACTS AND PROCEEDINGS BELOW

Between September 13, 2006, and September 30, 2006, Plaintiff/Appellee Stephanie Jones received medical treatment at Defendant/Appellants The Neurology Clinic and Methodist Healthcare–Memphis Hospitals ("Methodist"), under the primary care of Defendant/Appellant Renga I. Vasu, M.D. ("Dr. Vasu"). Ms. Jones asserts that the medical care she received during this time period fell below the applicable standard of care, and that she suffered serious injury as a result of the negligence of Dr. Vasu, The Neurology Clinic, and Methodist.

On September 27, 2007, Stephanie Jones and her husband Howard Jones (collectively "Jones" or "Plaintiffs") filed a complaint against Dr. Vasu, The Neurology Clinic, and Methodist (collectively "Defendants") alleging medical malpractice.[1] Jones did not submit any summonses to the clerk for service of process on the Defendants at that time. Instead, Jones proceeded to obtain the opinion of an expert in support of the claim of medical malpractice. After the opinion of an appropriate expert was secured, on August 29, 2008, some eleven months after the complaint was filed, Jones had process served on the Defendants through a private process server.

On October 29, 2008, Methodist filed its answer, denying liability and asserting, *inter alia*, insufficiency of service of process and that the complaint was time-barred.

On December 12, 2008, Dr. Vasu and The Neurology Clinic filed a motion to dismiss and, in the alternative, for summary judgment, asserting that Jones' complaint was barred by the one-year statute of limitations applicable to medical malpractice actions. ***See*** T.C.A. § 29-26-116(a)(1) (2000). Citing Rule 4.01(3) of the Tennessee Rules of Civil Procedure, the motion for summary judgment claimed that, because Jones intentionally delayed service of process for over eleven months, the filing of the complaint was ineffective, and the applicable limitations period expired.

On February 3, 2009, Methodist filed a motion to dismiss or, in the alternative, for summary judgment, likewise asserting that Jones' complaint was time-barred, for the same reason. The motion included a notice of joinder in the motion for summary judgment and motion to dismiss filed by Dr. Vasu and The Neurology Clinic.

On February 20, 2009, Jones filed a response to the motions to dismiss and/or for summary judgment. In the response, Jones admitted that service of process was intentionally delayed until August 29, 2008. Jones explained that service of process was

---

[1]The complaint apparently mistakenly referred to Methodist as Methodist LeBonheur Hospital.

delayed because they experienced "difficulty obtaining an opinion from an expert, authorized to render such opinion testimony." Had such an expert opinion not been obtained, Jones claimed, the complaint would have been dismissed. Jones asserted that process was issued within one year after the filing of the complaint, as required under Rule 3 of the Tennessee Rules of Civil Procedure. Jones maintained that any delay in the issuance and service of process was the result of excusable neglect, and asked the trial court to enlarge the period for issuance and service of process or toll the statute of limitations, pursuant to its authority under Rule 6.02(2) of the Tennessee Rules of Civil Procedure.

After a hearing on the motions, the trial judge issued a letter ruling on March 31, 2009, denying the Defendants' motions. After citing and reviewing the applicable caselaw, the trial court explained its reasoning:

> [T]his Court is under the impression that with the amendment to rule 4.01 and the addition of subsection (3), the Tennessee Courts are more inclined to find intentional delay of issuance of summons as rendering the complaint ineffective to toll the statute of limitations.
>
> However, this Court finds the plain language of Rule 3 of [the] Tennessee Rules of Civil Procedure highly persuasive in that it allows up to [a] year in which service of process may be issued after the filing of the complaint. Additionally, this Court is of [the] impression that under Rule 6.02(2) of [the] Tennessee Rules of Civil Procedure, it has a wide discretion, in circumstances of excusable neglect, to enlarge the period for issuance and service of process and/or toll the statu[t]e of limitations. Thus, for the sake of preserving Plaintiff's medical malpractice claim, this Court finds that the failure to issue summons in this case falls under excusable neglect, and thus, the Defendants' Motion is denied. This Court believes that the danger of prejudice to the Defendants is not outweighed by the fact that Plaintiff, in good faith, somewhat ahead of current law, firmly believed that it was necessary to secure the opinion of an expert witness to be able to go forward with its cause.

Thus, the trial court denied the Defendants' motions to dismiss or, in the alternative, for summary judgment.

The Defendants filed motions for permission for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.[2] The trial court denied permission for interlocutory appeal. The Defendants then filed an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure.[3] This Court granted the application.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, the issue presented is whether Jones' intentional delay in issuance and service of process rendered the filing of the complaint ineffective under Tenn. R. Civ. P. 4.01(3), and thus whether Jones' claims are time-barred.

Here, we review the trial court's denial of the Defendants' motions to dismiss or, in the alternative, for summary judgment. Rule 12.02 of the Tennessee Rules of Civil Procedure provides that if "matters outside the pleading are presented to and not excluded by the court," then a motion to dismiss shall be treated as a motion for summary judgment. TENN. R. CIV. P. 12.02. The Defendants' motions were predicated on the date of service of process, a matter outside the Jones' complaint. Therefore, on appeal, we treat the order as a denial of a motion for summary judgment.

Summary judgment is warranted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P.

---

[2]Rule 9 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

> **(a) Application for Permission to Appeal; Grounds.** Except as provided in rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court.

TENN. R. APP. P. 9(a).

[3]Rule 10 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

> **(a) Original Application for Extraordinary Appeal; Grounds.** An extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals: (1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules. The appellate court may issue whatever order is necessary to implement review under this rule.

TENN. R. APP. P. 10(a).

56.04. We review the trial court's conclusions of law *de novo* without a presumption of correctness. ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). Accordingly, we review the denial of a motion for summary judgment *de novo* without a presumption of correctness. ***Johnson v. LeBonheur Children's Med. Ctr.***, 74 S.W.3d 338, 342 (Tenn. 2002) (citing ***Webber v. State Farm Mut. Auto. Ins. Co.***, 49 S.W.3d 265, 269 (Tenn. 2001)).

### ANALYSIS

It is undisputed on appeal that the alleged acts of medical malpractice occurred between September 13, 2006 and September 30, 2006. The complaint was filed on September 27, 2007. The Defendants were served with process no earlier than August 29, 2008.

It is also undisputed that a one-year statute of limitations is applicable to Jones' claims of medical malpractice. Thus, unless the filing of Jones' complaint was effective to toll the statute of limitations, the claims set forth in the complaint are time-barred.

Rule 4.01 provides:

> **4.01. Summons; Issuance; By Whom Served; Sanction for Delay**
> (1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. . . .
> * * *
> (3) If a plaintiff or counsel for plaintiff (including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective.

TENN. R. CIV. P. 4.01. This Court addressed Rule 4.01(3) in ***Estate of Butler v. Lamplighter Apartments***, 278 S.W.3d 321 (Tenn. Ct. App. 2008). ***Butler*** involves a wrongful death and personal injury action arising out of a fatal fire. The plaintiffs' attorney filed the complaint within the limitations period, but made a deliberate decision to withhold the summons because she hoped to settle the case. Addressing the applicability of Rule 4.01(3), the ***Butler*** court stated:

> The plaintiffs filed a Complaint and obtained issuance of summons
> for service on each defendant prior to October 14, 2005. The filing of the

initial Complaint, however, was not effective because counsel for Plaintiffs *intentionally* caused the delay of prompt service of a summons. *See* Tenn. R. Civ. P. 4.01(3). The plaintiffs did not effectively file a complaint until after the statute of limitations had expired. Accordingly, all of the plaintiffs' claims are time barred.

*Id.* at 324 (emphasis in original). Thus, because the plaintiffs' counsel intentionally delayed issuance of the summons, the ***Butler*** court found under Rule 4.01(3) that the filing of the complaint was ineffective to commence the action and toll the statute of limitations.

Similar reasoning was employed in ***Jones v. Cox***, No. W2008-00729-COA-R9-CV, 2008 WL 4981063 (Tenn. Ct. App. Nov. 25, 2008), *perm. app. denied* June 1, 2009. In ***Jones***, the plaintiff filed a complaint alleging legal malpractice. However, at that time, the case that was the basis for the legal malpractice claim was not completely resolved. *Id.* at *1. A summons was issued the day the legal malpractice complaint was filed, but service was not attempted until some nine months later. *Id.* at *2.

During the intervening nine months, the plaintiff's attorney engaged in numerous settlement discussions. *Id.* Believing that he had time to effect service of process under Rule 3 of the Tennessee Rules of Civil Procedure, the attorney delayed service until the underlying case was resolved on appeal.[4] *Id.* at *3. After service was effected, the defendant lawyer filed a motion to dismiss, asserting that the legal malpractice claim was time-barred, citing Rule 4.01(3). *Id.* at *1. The trial court denied the motion to dismiss, and the defendant lawyer appealed.

On appeal, this Court explained:

> Under Tenn. R. Civ. P. 4.01(3) it is the intent to withhold service of process that is the test. From . . . [the plaintiff's attorney's] own sworn statements, it is clear that he intentionally withheld service of process in this case, albeit for a very reasonable purpose. As we determined in ***Butler***, . . . an intentional delay under Tenn. R. Civ. P. 4.01(3) mandates a conclusion that the original complaint was not effectively filed.

*Id.* at *5. Therefore, the ***Jones*** court found that, even though service was delayed for a reasonable purpose, the fact that service was *intentionally* delayed "mandated" a finding

---

[4]The plaintiff's counsel in ***Jones*** explained: "I did not intentionally delay service of the complaint on [the defendant lawyer] to achieve any tactical advantage or benefit. Service on [the defendant lawyer] was solely withheld in order to see whether the [underlying] case . . . would be salvaged." ***Jones***, 2008 WL 4981063, at *3.

that the filing of the complaint was ineffective to commence the action and toll the statute of limitations. Consequently, the appellate court reversed the trial court's decision and remanded the case for entry of an order granting the defendant lawyer's motion to dismiss. *Id.*

We find that ***Butler*** and ***Jones*** are squarely on point and applicable to the case at bar. In this case, Jones' attorney intentionally delayed service of process in order to obtain an expert opinion to support the medical malpractice claim. As in ***Butler*** and ***Jones***, the result may be harsh, but the directive in Rule 4.01(3) is clear. If the plaintiff or his counsel "intentionally causes delay of prompt issuance . . . or prompt service of a summons, filing of the complaint . . . is ineffective." TENN. R. CIV. P. 4.01(3). Thus, we find that the filing of Jones' complaint was ineffective to commence the action and the complaint must be dismissed as time-barred.

The decision of the trial court is reversed and the cause is remanded for entry of an order granting summary judgment in favor of the Defendants. Costs of this appeal are taxed against Plaintiff/Appellees Stephanie Jones and Howard Jones, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE