
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 17, 2017 Session

## SIMINDER KAUR v. VANEET SINGH

**Appeal from the Circuit Court for Shelby County**
**No. CT-004060-16  Robert L. Childers, Judge**

_____

**No. W2016-02058-COA-R10-CV**

_____

This is an interlocutory appeal limited to the issue of whether the orders of an Indian court regarding matters pending in India is entitled to full faith and credit, such that this state's trial court lacks jurisdiction over custody of the minor child pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act.  The mother, an Indian citizen but permanent resident of the United States, filed an action in India seeking the return of her minor son.  She contends that her son, a citizen of the United States, is being detained illegally in India by her husband and his family.  The Indian court ruled that the child should remain with the paternal grandparents in India at this time.  The mother, thereafter, filed an action for divorce in Shelby County.  After a hearing, the state trial court ordered, inter alia, that the father, also an Indian citizen but permanent resident of the United States, return the child to Tennessee within seven days.  Upon the trial court's denial of the father's request for an interlocutory appeal pursuant to Rule 9, the father sought a Rule 10 extraordinary appeal of the trial court's ruling.  We find that the appeal was improvidently granted.  Accordingly, we decline to address the issue presented and dismiss the appeal.

**Tenn. R. App. P. 10 Extraordinary Appeal;**
**Dismissed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S.,  and ARNOLD B. GOLDIN, J., joined.

Aubrey L. Brown, Jr. and Leigh-Taylor White, Memphis, Tennessee, for the appellant, Vaneet Singh.

Melinda Plass Jewell and Sarah Carter, Memphis, Tennessee, for the appellee, Siminder Kaur.

# OPINION

## I. BACKGROUND

This appeal arises from a divorce proceeding and involves the trial court's subject matter jurisdiction. The parties in this case are Siminder Kaur ("Mother") and Vaneet Singh ("Father"). They are of Indian descent and were married on March 9, 2008, in Mali, India. Both parties have retained their Indian citizenship, but they became permanent residents of the United States in 2012. The parties' permanent residence is located in Collierville in Shelby County, Tennessee. Mother previously worked for St. Jude for four years; for the last two years she has worked at International Paper in Memphis. Father, who works for Medtronic as an engineer, travels back and forth from the United States to India as his work dictates. Their minor son is Anhad Singh ("the Child"), born in Germantown, Tennessee. The Child, therefore, is a citizen of the United States.

In October 2015, the parties, who had been experiencing marital issues, traveled to India for a family wedding. Once in India, Father proposed that the Child be left with his parents there for a short period of time in order to allow the parties an opportunity to work through their marital difficulties. Mother initially refused the idea, but she finally agreed in an attempt to save her marriage. According to Father, on November 24, 2015, he and Mother signed a letter to the Bureau of Immigration in India in the presence of an Executive Magistrate giving written permission to the paternal grandfather "to submit forms, applications, and other necessary documents" so that the Child could receive status as a registered Overseas Citizen of India ("OCI").[1]

Soon after departing India without the Child, Mother began to question the decision. She sent multiple text messages and emails to Father expressing her concern and also her displeasure with the fact that he did not exhibit a desire to save the marriage. Over time, she concluded that leaving her son behind in India so that the couple could concentrate on the marriage had been a ruse to separate her from the Child.

In April 2016, Mother purchased airline tickets for herself and the Child and traveled to Mohali, Punjab, India to retrieve the Child from the paternal grandparents. Mother contends that she was refused access to the Child and learned that Father's family had filed complaints against her before her arrival. She asserts that when she attempted to enlist the help of local law enforcement to gain access to the Child and his United States passport, she was denied help.

---

[1]On February 29, 2016, a Certificate of Registration was issued to the Child.

While in India, in an attempt to gain custody of the Child, Mother filed a criminal habeas corpus petition for wrongful detention on April 26, 2016. Father describes the litigation history in India as follows:

> 1. The parties in this divorce action have been embroiled in numerous legal proceedings in India since April of 2016, all but one of which have been initiated by [Mother]. . . .
>
> a. On April 26, 2016, [Mother] filed a Habeas Corpus Petition in the High Court of Punjab and Haryana . . . . wherein [Mother] requested that she be awarded custody of the parties' minor child. . . . .
>
> b. On April 29, 2016, [Mother] filed a petition with a separate trial court at her native place of Ludhiana, Punjab, India, asking for grant of maintenance under Section 125 Code of Criminal Procedure of India, which provides for a grant of maintenance to a spouse under certain specific conditions arising from marital disputes. This matter is still pending in India.
>
> c. On May 2, 2016, [Mother] filed a complaint/application for Protection Order, Residence Order, Order for Monetary relief and Compensation Order under Protection of Women from Domestic Violence Act of India, before the trial court at Ludhiana, Punjab, India, whereby she sought to restrain [Father] and other "respondents from committing any act of domestic violence, from alienating residential House No. 4045 . . ." and from alienating or transferring the other properties mentioned therein; [a] residence order for arranging separate accommodation; [and] monetary relief . . . . [Father] appealed this Complaint to High Court of Punjab and Haryana and received a stay on all proceedings of the trial court.
>
> d. On May 3, 2016, [Mother] filed a police complaint with the Ludhiana Police Department on Matrimonial disputes against [Father] pursuant to the Indian Criminal Act. . . . This was subsequently found to be without merit and the matter was closed under orders of Commissioner of Police . . . .
>
> e. On May 16, 2016, [Mother] also filed a civil suit in a trial court in Mohali, Punjab, India, for declaration and permanent

injunction against [Father] and his parents and his brother seeking a conveyance to her of certain rights she alleges in and to [Father]'s parents' house at Mohali, Punjab, India. . . . This matter is still pending in trial court in Mohali, India.

f. On June 15, 2016, [Mother] filed a complaint under the Protection of Women from Domestic Violence Act of India wherein she requested "custody/temporary custody/interim custody of the minor Anhad Singh" or in the alternative "frequent visitation rights . . . to meet her child in isolation at any place of her choice and convenience." . . . [Father] has contested [Mother]'s complaint filed under the Domestic Violence Act, and he received a stay of those proceedings in the trial court from the High Court of Punjab and Haryana, Chandigarh.

g. . . . [Father] finally filed a petition for divorce under the Hindu Marriage Act in the District Court of Chandigarh, India, a court of competent jurisdiction, on July 30, 2016. . . . [Father]'s complaint for Divorce was accompanied by his Application for a restraining order seeking to enjoin [Mother] from publishing details concerning their matrimonial life and the care, control and custody of the minor child to the press or through social media. [Mother] filed a Reply to [Father]'s Application. On August 29, 2016, [Mother] filed a Petition for maintenance and litigation expenses *pendent lite* in these divorce proceedings in India. [Mother] has also participated in mediation proceedings in India pursuant to the divorce proceedings pending there.

(Internal citations omitted). By the actions described above, Father asserts that Mother has voluntarily availed herself of the jurisdiction of the Indian courts. He contends that she did not object to the jurisdiction of the Indian Court to hear the divorce action now pending in India. Mother responds that she contested the divorce and jurisdiction.

In the habeas corpus proceeding, the Indian court issued various orders concerning visitation with the Child. On August 3, 2016, the court entered an order directing the paternal grandparents to bring the Child to a "Mediation Centre" on August 4, 5, and 8, 2016 for Mother to exercise visitation for two hours each day. On August 9, 2016, the court entered an order requiring the parties to attend mediation on October 8, 2016, and awarding Mother a visitation period with the Child on his birthday. When Mother filed an "Application under Section 482" for interim custody pending the habeas corpus matter, her application was denied with a finding that "the Child has been in the safe

- 4 -

custody of his grandparents for the last eight months and is of a very tender age to experience shifting of residence during the pendency of this petition."

Tennessee Code Annotated Section 36-6-205(4) defines a "child custody proceeding" as any "proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue," and specifies that it "includes a proceeding for divorce, . . . abuse, . . . protection from domestic abuse in which the issue may appear." The comments to the act reflect that "[p]roceedings that affect access to the child are subject to this act." *See* Tenn. Code Ann. § 36-6-205.

Father contends that India has properly assumed jurisdiction of the Child in compliance with the requirements of the UCCJEA and has jurisdiction to make the initial custody determination. He asserts that India is the "home state" upon the commencement of the custody proceedings there. *See* Tenn. Code Ann. § 36-6-216(A)(1) ("a court of this state has jurisdiction to make an initial custody determination only if: (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to reside in this state[.]"). Father contends that pursuant to section 36-6-208 of Tennessee's version of the UCCJEA, a court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying the act. A child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standard of this part must be recognized and enforced. According to Father, therefore, we are constrained to recognize and enforce the orders of the Indian court. Additionally, Father argues that under the "Prior Suit Pending" doctrine, the divorce action before the state court should be dismissed or stayed pending the resolution of the pending divorce proceedings in India. The doctrine provides that where "two courts have concurrent jurisdiction over a matter, the first of those courts to acquire jurisdiction takes exclusive jurisdiction over it. Any subsequent actions must, therefore, be dismissed." *Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743 (Tenn. 2006). Father asserts that the parties are citizens of India and Sikhs by religion and are governed by Hindu law. They were married in India and their marriage was registered under the Hindu Marriage Act of 1955. Father opines that the matrimonial rights must be adjudicated pursuant to the Hindu Marriage Act.

Father, in his divorce petition filed in India on June 30, 2016, acknowledged that he has been residing in Collierville, is a resident of the United States, and that "ultimately [the Child] will come to USA." However, he attaches great significance to the fact that "[b]y virtue of being born in the United States to . . .Indian citizen parents, Anhad is a citizen of the United States and an Overseas Citizen of India ("OCI"), a status granted to him by the Republic of India by virtue of his Indian descent." Mother contends that the OCI card does not result in Indian citizenship for the Child, as India does not allow dual citizenship. As a matter of fact, India expressly disallows dual citizenship per the

Constitution of India. In order to obtain Indian citizenship, a person must first renounce their foreign citizenship. Mother states that the OCI card was introduced in India to facilitate hassle-free travel for non-resident Indians or people of Indian descent to travel to and from India. It serves as a multiple-entry lifelong VISA. Only a foreign national can get an OCI card. Accordingly, the Child is not a citizen of India.

Mother argues that no court in India has or had subject matter jurisdiction over the issue of the Child's custody under Indian law or the UCCJEA and that any orders issued by the Indian courts regarding custody or visitation with the Child are null and void. She posits that according to the law in India, only a Guardian Judge having jurisdiction under the Guardian and Wards Act of 1890 and the Hindu Minority and Guardianship Act of 1956 has the jurisdiction and authority to determine custody cases after full evidentiary hearings. The habeas corpus proceedings in the High Court of Punjab and Haryana criminal proceeding in India are summary and emergency in nature, where only the legality of the detainment of a child is examined on the basis of affidavits only. No evidentiary hearings are held and no final determination of custody is made, as the court does not have jurisdiction to render custody decisions.[2] Mother further contends that domestic violence and divorce courts in India do not determine custody issues or make permanent custody rulings. In the domestic violence court in India, she asked for relief by way of injunction enjoining Father and his family from disposing of assets located in India that are jointly hers along with a request for visitation with the Child. Mother does not consider these to be family law matters -- only temporary custody/visitation issues that can be addressed until a court with proper jurisdiction becomes involved. Neither Mother nor Father has filed any custody proceeding in India to determine custody of the Child.

Additionally, arguing a provision of the UCCJEA that would negate India's subject matter jurisdiction pursuant to the act, Mother asserts that the country cannot be considered the Child's home state because it, either through law or the culture, does not protect the human and civil rights of individuals.[3] She declares further that the paternal grandparents are elderly and not fit to care for the Child.

The Indian court observed on September 1, 2016, that Mother was seeking "interim custody of the minor child . . . as [to] the main petition [habeas corpus] . . . fixed for [February 24, 2017]." The Indian court ruled: "Keeping in view the fact that the Child has been in the Safe custody of his grandparents for the last eight months and is of

---

[2] Mother contends that Father admits in his response filed in the habeas corpus proceeding that the court has no custody jurisdiction and that there have been no evidentiary hearings on the issue of custody of the Child.

[3] Mother's counsel argues that if a foreign country does not protect the basic human rights of individuals and persons, then the U.S. court cannot look at that country as an actual state.

a very tender age to experience shifting of residence during the pendency of this petition, no ground is made out to handover the custody of minor child to [Mother]." The court found that Mother had left the Child in India of her own free will and had authorized the paternal grandparent to obtain the OIC papers. Thus, her contentions regarding the Child's presence in India have not been accepted by the Indian court.

Mother filed her complaint for divorce, for extraordinary relief and petition for order of protection in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, Tennessee, on October 4, 2016. In her complaint, Mother states that the parties' child's permanent residence and home is in Shelby County, Tennessee. That the Child is a citizen of the United States and his birth certificate showing that he was born in the United States and is a United States citizen is included with the confidential information required at the filing of the complaint.

At a hearing on October 4, 2016, the state trial court found that it had jurisdiction and issued its initial ruling requiring Father to return the Child to the United States and the jurisdiction of the court within seven days and granting Mother temporary custody until the hearing set for October 27, 2016. The court denied Father's oral request for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The court opined as follows:

> THE COURT: . . . I don't know of a reason why he shouldn't be ordered to return this child who is a US citizen, to this jurisdiction, and that's what I'm going to order. . . . I don't know why India has jurisdiction over the child who is a United States citizen, and not a citizen of India. . . . I'm ordering that he return the child to this jurisdiction, the jurisdiction of this Court.

Two days later, the trial court provided:

> As I understand the facts in this case, there is no dispute that neither parent is living in India where the child is. The child, as I understand it – there's no dispute – is with the paternal grandparents not with a natural parent. That's one of the reasons why I had ordered Mr. Singh to return the child to this jurisdiction because, as I understand the law of Tennessee, the law prefers that a child be with a parent not a grandparent. And Mother, as I understand the facts in this case, originally agreed for the child to go over there she says under false pretenses. I'll wait and hear the evidence on – on that. But it doesn't seem to be a dispute that she's now changed her mind and wants the child back over here

presumably with both parents who are living here in Tennessee within this jurisdiction, within the jurisdiction of this court and, for that reason, I'm not going to reconsider. I want the child returned within seven days to this jurisdiction back to the natural parents.

* * *

You know, if we get into a battle of courts in Tennessee and India, then, you know, so be it; we'll let the court system decide that.

The state trial court apparently concluded that Tennessee has home state jurisdiction because the Child is a United States citizen, his parents are permanently residing in the United States in Tennessee, his stay in India was not intended to be permanent, and he is being held in India against Mother's wishes and under false pretenses not in substantial conformity with the UCCJEA. Mother's counsel told the court:

> MS. JEWELL: . . . Husband filed a divorce case there. And it's my understanding – I spoke to a lawyer today. In India the Divorce Court does not handle custody issues. And if wife does not agree to a divorce, he can't get a divorce, he can't get a divorce there. She is not litigating there. Now, Husband sent a letter to wife – his lawyer did, on Sept. 30, saying he's moving back to the marital residence and you need to move out or somebody needs to move out. You need to pay if you're going to stay there. His decision is to come back here. He's always been in the United States moving around, but to come back to Collierville to live. She is not litigating the divorce. She made an appearance and contested the divorce, and contested jurisdiction. She did ask for attorney fees and travel expenses in the form of maintenance in the divorce in India.

In an order filed October 14, 2016, the Court of Appeals ordered as follows:

> On October 11, 2016, Applicant Vaneet Singh filed an application for an extraordinary appeal, pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. Also, Applicant requested that the Court stay all trial court proceedings pending a resolution of the prior proceedings commenced in India and pending determination of the issues before this Court. Upon due consideration, the Court hereby

- 8 -

grants the application. Review shall be limited to the following issue:

Are the orders of the Indian Court in the matters pending in India entitled to full faith and credit, such that the trial court lacks jurisdiction over custody of the minor child, under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")?

\* \* \*

Pending determination of the issues before this Court, the trial court proceedings regarding custody of the minor child are hereby stayed, including the trial court's order that Applicant return the child to this jurisdiction. . . .

The Indian court interpreted Mother's actions as forum shopping. It noted that after Mother failed to regain custody of the Child, she returned to Tennessee and filed for divorce. The court observed that Mother "without affording [Father] any opportunity to counter the allegations" made in her divorce complaint "and to put forth his case especially the pendency of the aforesaid main petition" before the Indian court, had the Tennessee court direct Father "to bring the child … back to United States in seven days . . . ." The Indian court declared that Mother should be "restrain[ed] . . . from indulging in[] forum shopping and . . . invok[ing] the jurisdiction of any other court for the same relief, which she has prayed for in the present petition."

## II. ISSUE

We limited review to the following issue:

Are the orders of the Indian court in the matters pending in India entitled to the full faith and credit, such that the trial court lacks jurisdiction over custody of the minor child, under the Uniform Child Custody Jurisdiction and Enforcement Act.

## III. STANDARD OF REVIEW

Whether a court has jurisdiction is a question of law, which we review de novo with no presumption of correctness. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). "The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or

- 9 -

controversy." *Staats v. McKinnon*, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citations omitted). Parties cannot confer subject matter jurisdiction on a court by appearance, plea, consent, silence, or waiver. *Id.* at 542 (citations omitted).

## IV. DISCUSSION

Upon further consideration, this court is of the opinion that the Rule 10 application was improvidently granted and that the matter should be remanded to the trial court for further proceedings.

Rule 10(a) of the Tennessee Rules of Appellate Procedure provides that "[a]n extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals[,] or Court of Criminal Appeals . . . ." Extraordinary appeals are only appropriate "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in [the Rules of Appellate Procedure]." Tenn. R. App. P. 10(a). The Advisory Commission Comment to Rule 10 denotes: "The circumstances in which review is available . . . are very narrowly circumscribed to those situations in which the trial court or the intermediate appellate court has acted in an arbitrary fashion, or as may be necessary to permit complete appellate review on a later appeal."

A Rule 10 extraordinary appeal should only be granted when the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured. *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007) (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). Rule 10 appeals are reserved only for extraordinary departures from the accepted and usual course of judicial proceedings. *See, e.g., Jones v. Vasu*, 326 S.W.3d 577, 578 (Tenn. Ct. App. 2010). In contrast, a Rule 9 interlocutory appeal may be granted under less egregious circumstances. *See Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014). Such an appeal may be appropriate when there is a need "to prevent irreparable injury," "to prevent needless, expensive, and protracted litigation," and "to develop a uniform body of law." *See* Tenn. R. App. P. 9(a).

As noted in *Gilbert*, appellate courts must exercise restraint in granting Rule 10 appeals. 458 S.W.3d at 898. We "have no authority to unilaterally interrupt a trial court's orderly disposition of a case unless the alleged error rises to the level contemplated by the high standards of Rule 10." *Id*. Unless the trial court's alleged error qualifies for immediate review under the criteria outlined in Rule 10, we must respect the

trial court's discretionary decision not to grant permission to appeal under Rule 9 and refrain from granting a Rule 10 appeal. Those alleged errors not rising to the level required by Rule 10 can be reviewed in the normal course of an appeal after a final judgment has been entered. *Id.*

This case reveals no extraordinary departure from the accepted and usual course of judicial proceedings; the trial court adhered to established legal standards. The record before us establishes that the trial court considered the proper statute, the relevant facts, and the arguments advanced by the parties. As such, the trial court did not so far depart from the accepted and usual course of judicial proceedings as to require immediate review, nor was an extraordinary review necessary for a complete determination of the action on appeal. Accordingly, because we improvidently granted permission for the appeal under Rule 10 of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

Tennessee Code Annotated section 36–5–103(c) provides:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child . . . is awarded may recover from the other spouse reasonable attorney fees incurred . . . in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child . . . of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36–5–103(c) applies to awards of attorney fees incurred on appeal. *See generally Shofner v. Shofner*, 181 S.W.3d 703, 719 (Tenn. Ct. App. 2004)("Tenn. Code Ann. § 36–5–103(c) vests in this court the discretionary authority to award these fees and costs in proper cases.").

Exercising our discretion, we conclude that Mother is entitled to an award of attorney fees incurred on appeal. We remand this case to the trial court to determine the appropriate amount of attorney fees to which Mother is entitled.

## V. CONCLUSION

The appeal is dismissed and the case is remanded to the trial court for the enforcement of the trial court's order directing that the Child be returned to Tennessee and the determination of Mother's attorney fees for this appeal. The costs of this appeal

are taxed to the appellant, Vaneet Singh, and his surety, for which execution may issue, if necessary.

        _____

        JOHN W. MCCLARTY, JUDGE