IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2021 Session

## RUBY BRIDGES v. RANDALL ROTH

**Appeal from the Circuit Court for Shelby County**
**No. CT-2475-19      Mary L. Wagner, Judge**

_____

**No. W2020-01508-COA-R3-CV**
_____

This appeal involves a Tennessee Rule of Civil Procedure 4.01(3) summons issue.  The trial court granted defendant's motion to dismiss after finding that plaintiff intentionally delayed the issuance of the summons for the complaint in contradiction to Rule 4.01(3) of the Tennessee Rules of Civil Procedure.  Plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD. P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Ashley Satterfield, Memphis, Tennessee, for the appellant, Ruby Bridges.[1]

Forrest R. Jenkins, Memphis, Tennessee, for the appellee, Randall Roth.

### OPINION

### I.      FACTS & PROCEDURAL HISTORY

On June 14, 2018, Ms. Ruby Bridges was involved in a motor vehicle accident with Mr. Randall Roth.  On May 31, 2019, Ms. Bridges filed her complaint within the one-year statute of limitations alleging negligence and negligence per se.  Ms. Bridges did not have a summons issued until November 22, 2019, approximately six months after her complaint was filed.  Around this time, counsel for Ms. Bridges was in communication with Mr. Roth's insurance carrier and was actively trying to resolve the matter.  Later in the litigation, counsel for Ms. Bridges explained that:

_____

[1] We note that counsel for the appellant listed here did not represent the appellant at trial.

I did want to point out that the delay was not intentional. Our conversations with [Mr. Roth's] insurance carrier indicated that we would be able to resolve the matter, and we relied on that . . . statement from them, and we were actively trying to resolve the matter. And as soon as we weren't able to, we went ahead and got [Mr. Roth] served in a timely matter. And I believe that if we had accepted their final offer given on this case, we wouldn't be here today and the matter would have been resolved.

On January 10, 2020, Mr. Roth's insurance carrier made Ms. Bridges an offer to settle her bodily injury claim against Mr. Roth for $22,500.00, but Ms. Bridges did not accept the offer. After reaching an impasse with Mr. Roth's insurance carrier, Ms. Bridges had a summons re-issued on June 30, 2020, and Mr. Roth was served thereafter.

On August 19, 2020, Mr. Roth filed a motion to dismiss and memorandum in support thereof. In his motion, Mr. Roth argued that it was "predicated on the grounds that the statute of limitations had run as to the personal injury claims of [p]laintiff against [d]efendant." Thereafter, Ms. Bridges filed a memorandum in opposition to the motion in which she stated:

[P]rior to filing her complaint, [Mr. Roth's] insurance carrier was advised that [Ms. Bridges] still had outstanding bills and records she would need to submit but would file suit to toll the statute of limitation[s]. On more than one occasion, after the one[-]year statute of limitations, [Mr. Roth's] insurance carrier presented to [Ms. Bridges] that they would like to receive [Ms. Bridges's] demand and attempt to resolve the claim prior to prolonged litigation.

After a hearing, the trial court granted Mr. Roth's motion to dismiss. On October 14, 2020, the trial court entered its order finding that Ms. Bridges intentionally delayed the issuance of the summons for the complaint in contradiction to Rule 4.01(3) of the Tennessee Rules of Civil Procedure. The trial court further found that Ms. Bridges could not rely upon merely the filing of the complaint to toll the statute of limitations, and that Ms. Bridges's case was now time-barred and should be dismissed with prejudice. Ms. Bridges timely filed her appeal on November 4, 2020.

## II.    ISSUES PRESENTED

Ms. Bridges presents the following issue for review on appeal, which we have slightly restated:

1. Whether the trial court erred in dismissing the claims of Ms. Bridges.

For the following reasons, we affirm the decision of the trial court.

### III.   STANDARD OF REVIEW

This case presents the sole issue of whether the trial court erred in dismissing the claims of Ms. Bridges.  Because this is a question of law, "our review is *de novo* with no presumption of correctness accorded to the conclusions of law of the courts below." *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006); *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005)).

### IV.   DISCUSSION

To begin, we examine whether Ms. Bridges's claims are barred by the statute of limitations.  Rule 4.01 of the Tennessee Rules of Civil Procedure states in relevant part:

> (1) Upon the filing of the complaint, the clerk of the court shall promptly issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process.  This person shall serve the summons, and the return endorsed thereon shall be proof of the time and manner of service.
>
> . . .
>
> (3) *If a plaintiff or counsel for plaintiff (including a third-party plaintiff) intentionally causes delay of prompt issuance or prompt service of a summons, the filing of the complaint (or third-party complaint) will not toll any applicable statutes of limitation or repose.*

Tenn. R. Civ. P. 4.01 (emphasis added).  The statute of limitations for injuries to the person is one year.  *See* Tenn. Code Ann. § 28-3-104(a)(1).  Ms. Bridges's claim accrued on June 14, 2018, when the subject motor vehicle accident occurred.  Unless Ms. Bridges *effectively* filed her complaint on or before June 14, 2019, her claims are time-barred.

On May 31, 2019, Ms. Bridges filed her complaint alleging negligence and negligence per se.  However, counsel for Ms. Bridges did not have a summons issued until November 22, 2019, approximately six months after the complaint was filed.  That summons was never served.  Counsel for Ms. Bridges had a summons re-issued on June 30, 2020, and Mr. Roth was served thereafter.  During the intervening thirteen months between the filing of the complaint and the re-issuance of the summons, counsel for Ms. Bridges was engaged in negotiations with Mr. Roth's insurance carrier.  Counsel for Ms. Bridges stated that "the delay was not intentional" but explained that "[o]ur conversations with [Mr. Roth's] insurance carrier indicated that we would be able to resolve the matter, and we relied on that . . . statement from them, and we were actively trying to resolve the matter."

This Court has held that "[t]he filing of the initial Complaint . . . was not effective because counsel for Plaintiffs *intentionally* caused the delay of prompt service of a summons." *Estate of Butler v. Lamplighter Apartments*, 278 S.W.3d 321, 324 (Tenn. Ct. App. 2008); *see* Tenn. R. Civ. P. 4.01(3). We have also explained that "[u]nder Tenn. R. Civ. P. 4.01(3) it is the intent to withhold service of process that is the test." *Jones v. Cox*, 316 S.W.3d 616, 621 (Tenn. Ct. App. 2008); *see Jones v. Vasu*, 326 S.W.3d 577, 581 (Tenn. Ct. App. 2010). "Without the requisite intentional conduct, the delay is immaterial as far as the effectiveness of the original filing is concerned." *Crabtree v. Lund*, No. E2009-01561-COA-R3-CV, 2010 WL 4272738, at *6 (Tenn. Ct. App. Oct. 28, 2010). In *Jones v. Cox*, plaintiff's attorney admitted that he did not attempt service of process on the defendant because he was awaiting the outcome of the appeal in an underlying case. *Cox*, 316 S.W.3d at 621. Therefore, this Court held that "an intentional delay under Tenn. R. Civ. P. 4.01(3) mandate[d] a conclusion that the original complaint was not effectively filed." *Id.* Likewise, the filing of Ms. Bridges's complaint was not effective because counsel for Ms. Bridges intentionally caused the delay of prompt issuance of a summons in hopes of settling the bodily injury claim with Mr. Roth's insurance carrier. Despite the savings exceptions set out in Tenn. R. Civ. P. 3, the intentional withholding of service of process makes the filing of the complaint on May 31, 2019, ineffective. *Id.* at 621-22. Consequently, all of Ms. Bridges's claims are time-barred. As we stated in *Jones v. Vasu*, "the result may be harsh, but the directive in Rule 4.01(3) is clear." *Vasu*, 326 S.W.3d at 581.

Ms. Bridges argues that Mr. Roth should be estopped from relying upon a statute of limitations defense, and relies on *Sparks v. Metro. Gov't of Nashville & Davidson Cty.*, 771 S.W.2d 430, 433 (Tenn. Ct. App. 1989) and *Ingram v. Elledge*, No. 01-A-019101-CV-00009, 1991 WL 83349, at *1 (Tenn. Ct. App. May 22, 1991) in making this argument. In *Sparks*, this Court noted that it is a "well-settled rule that a party, by its conduct, may be estopped to rely on the statute of limitations." *Sparks*, 771 S.W.2d at 433; *see also Ingram*, 1991 WL 83349, at *2 ("[T]here is a well-settled principle that a party may be estopped under certain conditions from asserting the statute of limitations as a defense." (citations omitted)). We explained the rule as follows:

> Where by promises or appearances one party is induced to believe that the other party is going to pay a claim or otherwise satisfy the claims of the first party, and in reliance on that representation the first party delays filing suit within the applicable statute of limitations, the party making the representations may be estopped to raise the statute of limitations as a defense.

*Id.* We further addressed the applicability of the doctrine in situations such as the one alleged in this case.

The doctrine is, of course, most clearly applicable where the aggrieved party's delay in bringing suit was caused by his opponent's intentional misrepresentation; but deceit is not an essential element of estoppel. It is sufficient that the aggrieved party reasonably relied on the words and conduct of the person to be estopped in allowing the limitations period to expire.

*Id.* (quoting *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 218 (4th Cir. 1977)).

Keeping in mind the discussion of equitable estoppel in *Sparks*, we find that the record in this case lacks evidence that even faintly resembles an intentional misrepresentation by or on behalf of Mr. Roth. Counsel for Mr. Roth aptly specified in his brief and in the trial court hearing that counsel for Ms. Bridges was negotiating with Mr. Roth's insurance carrier, and not Mr. Roth or counsel for Mr. Roth. Counsel for Ms. Bridges does not dispute this assertion. Instead, in her memorandum in opposition of Mr. Roth's motion to dismiss, Ms. Bridges stated the following:

> [P]rior to filing her complaint, [Mr. Roth's] insurance carrier was advised that [Ms. Bridges] still had outstanding bills and records she would need to submit but would file suit to toll the statute of limitation[s]. On more than one occasion, after the one[-]year statute of limitations, [Mr. Roth's] insurance carrier presented to [Ms. Bridges] that they would like to receive [Ms. Bridges's] demand and attempt to resolve the claim prior to prolonged litigation.

This alone demonstrates that counsel for Ms. Bridges was aware that prolonged litigation was a possibility.

There is nothing in the record that suggests Mr. Roth misled Ms. Bridges to delay issuance of the summons after the complaint was filed; nor is there evidence that establishes a justifiable reliance in delaying the first issuance of summons for almost six months. Moreover, there is no evidence of an agreement between the parties to toll or waive the statute of limitations. Therefore, any evidence to support an argument of equitable estoppel was absent from the record provided to this Court.[2] Although counsel for Ms. Bridges was engaged in negotiations with Mr. Roth's insurance carrier and actively trying to resolve the matter between the parties, this does not excuse Ms. Bridges from following the clear directive in Rule 4.01 of the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 4.01. "[T]he rules simply do not allow attorneys to participate in this sort of waiting game." *Cox*, 316 S.W.3d at 621. This holds true even when the delay is "for a very reasonable purpose." *Id.* As such, we cannot find that Mr. Roth should be equitably

---

[2] Although Ms. Bridges filed a response to the motion to dismiss in which she raised the issue of equitable estoppel, she did not request an evidentiary hearing or provide any documentary evidence to the court regarding her claims.

- 5 -

estopped from relying upon a statute of limitations defense.

Based on our review of the record, we conclude that the trial court properly granted Mr. Roth's motion to dismiss. Accordingly, we find that the trial court did not err in dismissing the claims of Ms. Bridges.

## V.    CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellant, Ruby Bridges, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE